2011R00414
ESW/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | Honorable William H. Walls, U.S.D.J. |
|---|---|
| *Plaintiff,* v. | Criminal No. 12-36 (WHW) |
| DAVID NEWMARK | FIRST AMENDED PRELIMINARY ORDER OF FORFEITURE |
| *Defendant.* | |

This matter having been opened to the Court by the United States of America (Paul J. Fishman, United States Attorney, by Evan S. Weitz, Assistant United States Attorney, appearing) for an order amending the Consent Order of Forfeiture previously entered in this action (*See* ECF Doc. # 9) to include the forfeiture of certain property of the Defendant, David Newmark (hereinafter "Newmark"), as substitute property pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), and the Court having considered the submissions of counsel, and for good cause shown, the Court finds as follows:

**WHEREAS** on January 18, 2012, the United States entered into a Plea Agreement with Newmark in which he pled guilty to wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; and

**WHEREAS** on May 18, 2012, Newmark entered into a Consent Order of Forfeiture with the United States acknowledging that $10,442,379.90 represents the amount of proceeds obtained as a result of his offense or is derived from proceeds traceable to the commission of his offense in violation of 18 U.S.C. § 1343 as set forth in the Information, and that $10,442,379.90 in United States currency is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

**WHEREAS**, Newmark agreed to forfeit $10,442,379.90 in United States currency in the form of a money judgment, and further agreed to the forfeiture of the following assets in partial satisfaction of the money judgement:

i. $525,165.65 surrendered by the Defendant to the Government on January 18, 2012;

ii. Approximately $456,666.39 held in escrow by the law firm of Greenberg Dauber Epstein and Tucker from the sale of the real property located at 432 Ocean Boulevard, number 304, Long Beach, New Jersey;

iii. Approximately $631,590.95 held by the law firm of Sills, Cummis and Gross, P.C., for the benefit of the defendant (collectively the "forfeitable property"), and waived all interests in and claims to the forfeitable property; and

**WHEREAS**, Newmark remains responsible for the payment of the remaining balance of the money judgment until it is paid in full satisfaction; and

**WHEREAS**, the United States has since identified additional property of Newmark available for forfeiture as substitute property to partially satisfy the money judgment; and

**WHEREAS**, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), the United States is entitled to an order forfeiting other property of Newmark as substitute property to satisfy the money judgment previously entered against Newmark; and

It is hereby **ORDERED ADJUDGED AND DECREED**:

**THAT**, the Consent Order of Forfeiture (*See* ECF Doc. #9) is hereby amended to include $82,000 representing funds provided for the purchase of Bank of America Cashier's Check number 8262428, issued February 27, 2012 and payable to Andrea Montero as substitute property (hereinafter "Property"); and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the Property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT**, the Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT**, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the money judgment; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture for the Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

**THAT** the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order as it pertains to the money judgment; and

**THAT**, pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to defendant David Newmark at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**THAT**, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property to satisfy the outstanding money judgment in whole or in part.

**ORDERED** this _____ day of _____, 2012.

_____
Honorable William H. Walls
United States District Judge